## JOSEPH T. BELL
### v.
## CHARLES B. SMITH ET AL.

*Attorney and Client—Suit to Recover Fees—Evidence—Instructions.*

In an action to recover attorney's fees, it is *held:* That the evidence, though conflicting, sustains the verdict; and that there is no error in the instructions.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Carroll County; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. HUNTER & EATON, for appellant.

Mr. JAMES SHAW, for appellee.

LACEY, P. J.   This was a suit brought by the appellees against the appellant to recover for services claimed to be rendered to appellant as attorneys at law, in the Supreme Court, at Ottawa, wherein appellant was the appellant and one Johnson appellee, based on an alleged contract between the appellant and appellees to carry the case through the Supreme Court for $100, made May 22, 1884; on the trial below the appellees recovered the sum of $73.95, the balance claimed to be due on said fees.

The causes assigned for error are:   First, the verdict was against the weight of evidence; and secondly, the court erred in giving appellant's second instruction.

The point of difference between the parties on the question of fact was, that the appellant insisted that the appellees were employed by his father, Francis Bell, and not by him, and the latter insists that appellant employed them on his own account.   The suit was undoubtedly that of Francis, being carried on in his son's name for his benefit, the son being the nominal party only.

But the appellees both testify that the contract was made with appellant in his own behalf, and that they looked to him and not the father for their fees.   On the contrary, the appellant and his father swear that the contract was made with the father and not the son, and that appellees so understood it. The appellant's evidence was somewhat corroborated by letters addressed by the appellees to Francis, asking for money for the purpose of carrying on the suit, and for fees.   In fact, the evidence was conflicting, the testimony on one side being to be weighed against that on the other.   It was the province of the jury to decide between the two, and it found, by its verdict, on the side of the appellees.   Whether this court would so have decided as an original question is not material. The question is, did the jury have sufficient evidence on which to base its verdict?   We are of the opinion it had.   The verdict, at least, is not so manifestly against the weight of the

Bell v. Smith.

evidence as that this court would be justified in interfering to set the verdict and judgment aside.  As to the complaint of the appellees' instruction, we can only say we do not think it just.  The instruction was, in substance, if the jury believed from the evidence that, "if the plaintiffs told the defendant that they would take the case to the Supreme Court for $100, and that he replied they could go ahead and take the case up, and the plaintiff did take the case to the Supreme Court, then such language would amount to an express contract on the part of the defendant to pay the plaintiff $100, even though defendant did not say, in express words, 'I will pay you $100 for taking the case up,' or did not, in so many words, promise to pay them $100 for that service."

According to the appellee's testimony, this was the language used when the contract was made, and that as appellant signed the appeal bond he said, " if we have success my father will get the benefit of it;" and this was the first time (that is, after the words above recited were used,) that appellees knew he was prosecuting for the benefit of his father.

The instruction was simply based on appellees' evidence and theory of the case.  The appellant testified that he " never made any agreement whatever to pay their fees."  " When I was going out of the office Smith says to me, 'Shall we go ahead with this case?' I said, 'You can do whatever father wants you to do, for it is no case of mine.'"  This, in substance, is corroborated by the father.

We think the instruction, under the state of the evidence, was not misleading.  If, under the circumstances, the words were used as appellees testified, undoubtedly there was a contract on part of appellant to pay the fees.  This was for the jury to decide under the instructions.  The words used in the instruction are wholly denied by appellant and his witness.  The words, if spoken, show that he was not acting as the agent of his father, but for himself.  The appellant was favored by the court by full instructions on his part on his theory of the case.  The instructions taken together, we think, present the case fairly.  There being no error in the record, the judgment is affirmed.

*Judgment affirmed.*